UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HARRY HOLT, *et al.*,<br><br>    Appellants,<br><br>v.<br><br>ALPER HOLDINGS USA, INC.,<br><br>    Appellee. | Case No. 08-cv-3344 |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONSOLIDATE

Appellants Harry Holt, Beatrice Holt, Sheila Holt-Orsted, Jasmine Orsted, Bonita Holt, O'Brian Holt, Brandon Holt, Patrick Holt, Bianca Bentley, Demetrius Holt, and David Brown (the "Holt Plaintiffs") submit this memorandum of law in support of their motion to consolidate.

## TABLE OF CONTENTS

                                                       **Page**

TABLE OF AUTHORITIES .................................................................................................. ii

BACKGROUND ................................................................................................................... 1

      The Holt Plaintiffs ...................................................................................................... 1

      The Flake Plaintiffs ................................................................................................... 2

      The Armstrong Plaintiffs .......................................................................................... 3

      The Adkins Plaintiffs ................................................................................................ 4

ARGUMENT ........................................................................................................................ 5

CONCLUSION ..................................................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*B.D. ex rel. Jean Doe v. DeBuono*,
   193 F.R.D. 117 (S.D.N.Y. 2000) ............................................................................................ 6, 7

*Bank of Montreal v. Eagle Associates*,
   117 F.R.D. 530 (S.D.N.Y. 1987) ............................................................................................... 6

*Johnson v. Celotex Corp.*,
   899 F.2d 1281 (2d Cir. 1990) ................................................................................................ 5, 6

*Katz v. Realty Equities Corp.*,
   521 F.2d 1354 (2d Cir. 1975) .................................................................................................... 6

*Martin v. Campanaro*,
   156 F.2d 127 (2d Cir. 1946) ...................................................................................................... 6

*Olsen v. New York Community Bancorp, Inc.*,
   233 F.R.D. 101 (E.D.N.Y. 2005) ............................................................................................... 7

**OTHER AUTHORITIES**

9 Wright & Miller, Federal Practice & Procedure § 2384 (2d ed. 1994) ....................................... 7

Fed. R. Civ. P. 1 ............................................................................................................................. 5

Fed. R. Civ. P. 42 ....................................................................................................................... 5, 7

Local Civil Rule 1.6 ....................................................................................................................... 5

**BACKGROUND**

This action is one of four appeals that arise from overlapping legal rulings issued by Bankruptcy Judge Lifland in *In re Alper Holdings USA, Inc.*, 07-12148 (Bankr. S.D.N.Y.). In three separate opinions in the same bankruptcy action, Judge Lifland resolved the claims of four groups of tort plaintiffs – the Holt Plaintiffs, the Flake Plaintiffs, the Armstrong Plaintiffs, and the Adkins Plaintiffs – by granting the objections of the debtor, Alper Holdings USA, Inc. ("Alper"), to all four sets of claims.

The claims of the four groups of tort plaintiffs all arise out of allegations regarding groundwater contamination caused by the disposal of the toxic chemical trichloroethylene ("TCE") in Dickson County, Tennessee. Alper is a defendant in lawsuits filed by each group of tort plaintiffs. The claims of the tort plaintiffs came to the Bankruptcy Court for the Southern District of New York after Alper filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court in July 2007. A brief description of the four sets of claims follows.

The Holt Plaintiffs

The litigation that forms the basis of the Holt Plaintiffs' claims was filed in state court in December 2003, against Alper, an Alper subsidiary named Saltire Industrial ("Saltire"), the County of Dickson, and the City of Dickson, alleging state-law claims for personal injury and property damage caused by the contamination of their well-water with TCE. The Holt Plaintiffs subsequently amended their complaint to add federal statutory and constitutional civil rights claims for intentional racial discrimination against the City, the County, two agencies of the State of Tennessee, and the United States Environmental Protection Agency. The litigation has been

transferred to the federal district court for the Middle District of Tennessee, where it is currently proceeding against all defendants except Alper.

The Holt Plaintiffs' complaint alleges that Alper is the alter ego of its subsidiary, Saltire, and that Alper should therefore be held liable to the Holt Plaintiffs for their personal injury, wrongful death, and property damages.

On July 13, 2007, Alper filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court. Each of the Holt Plaintiffs timely filed a proof of claim with the Bankruptcy Court. Alper objected to the Holt Plaintiffs' claims, arguing that those claims should be disallowed for two reasons: first, because alter ego claims against Alper belonged to Saltire and were released in Saltire's earlier bankruptcy; and second, because Alper could not be held responsible on an alter ego theory of liability even if alter ego claims were not released. Judge Lifland granted Alper's objection, accepting the first of Alper's two arguments – namely, that the Holt Plaintiffs could not assert alter ego claims against Alper because those claims had been released. *See* Order Granting Objections to Armstrong and Holt Claims 7-11 (Ex. A). The Holt Plaintiffs timely filed this appeal.

The Flake Plaintiffs

The Flake Plaintiffs' claims are based on their lawsuit filed in Tennessee state court in February 2004, alleging that numerous defendants are responsible for property damage caused by TCE contamination in Dickson County. As to Alper, the Flake Plaintiffs alleged both that Alper is indirectly liable for their property damage as the alter ego of its subsidiary, and that Alper is directly liable because of negligent remediation.

The Flake Plaintiffs filed proofs of claim in the Bankruptcy Court following Alper's petition for bankruptcy relief, and Alper objected to the Flake Plaintiffs' claims. Judge Lifland

2

held that Alper had no direct liability to the Flake Plaintiffs because Alper owed no duty to the Flake Plaintiffs, *see* Order Granting Objection to Flake Claims 6-9 (Ex. B), and also rejected the Flake Plaintiffs' claims of alter ego liability because the Flake Plaintiffs had not alleged sufficient facts to state a claim, *see id.* at 11-12.  Judge Lifland noted but did not resolve Alper's argument that alter ego claims had been released.[1]  *See id.* at 12 ("Regardless of whether the Flake Plaintiffs' alter ego claims were released under Saltire's plan of reorganization as Alper contends, the Court finds that no such claims may be asserted against Alper as a matter of law.").  The Flake Plaintiffs filed an appeal, which has been docketed in this Court at 08-cv-2489-CM.

<u>The Armstrong Plaintiffs</u>

The Armstrong Plaintiffs' claims are based on their lawsuit filed in Tennessee state court in April 2004, alleging that numerous defendants are responsible for property damage caused by TCE contamination in Dickson County.  The Armstrong Plaintiffs, like the Flake Plaintiffs, alleged both that Alper is indirectly liable for their property damage as the alter ego of its subsidiary, and that Alper is directly liable because of negligent remediation.

The Armstrong Plaintiffs filed proofs of claim in the Bankruptcy Court, and Alper objected to those claims.  Judge Lifland granted Alper's objection to the Armstrong Plaintiffs' claims, holding that Alper had no direct or indirect liability to the Armstrong Plaintiffs.  *See* Order Granting Objections to Armstrong and Holt Claims 4-7 (Ex. A).  Judge Lifland applied the law of the case doctrine and expressly relied on his ruling against the Flake Plaintiffs to grant the objections to the Armstrong Plaintiffs' claims.  *See id.* at 7 (noting that law of the case is a

---

[1] Judge Lifland held argument and issued his order resolving the Flake claims before hearing or resolving the Holt claims; as noted above, Judge Lifland did hold as against the Holt Plaintiffs that alter ego claims had been released.

3

"discretionary doctrine," but holding that "the Court sees no reason to part ways with the reasoning and rationale previously set forth in the Flake Opinion").

The Armstrong Plaintiffs filed an appeal on March 5, 2008, which has been docketed with this Court at 08-cv-3625-GBD.

<u>The Adkins Plaintiffs</u>

The Adkins Plaintiffs' claims are based on their lawsuit filed in Tennessee state court in December 2004, alleging personal injury claims on behalf of a group of families whose children suffered cleft palate and other orofacial disfigurements resulting from exposure to TCE-contaminated water in Dickson County.  The Adkins Plaintiffs alleged both that Alper is indirectly liable for their personal injuries as the alter ego of its subsidiary, and that Alper is directly liable because of negligent remediation and the assumption of duty.[2]

The Adkins Plaintiffs filed proofs of claim in the Bankruptcy Court following Alper's petition for bankruptcy relief, and Alper objected to those claims.  Relying on his prior rulings against the Flake Plaintiffs, Holt Plaintiffs, and Armstrong Plaintiffs, Judge Lifland granted Alper's objections to the Adkins Plaintiffs' claims, holding that Alper had no direct or indirect liability to the Adkins Plaintiffs.  *See* Order Granting Objection to Adkins Claims 11-14 (Ex. C). With regard to the Adkins Plaintiffs' alter ego claims, Judge Lifland specifically relied on his ruling against the Holt Plaintiffs that alter ego claims had been released in the earlier bankruptcy proceeding of Alper's subsidiary.  *See id.* at 8 ("As can be [seen] from the following, the prior holding regarding the Holt Plaintiffs' alter ego claims applies equally to the current Adkins Claimants."); *see also id.* at 14 ("Despite this Court's prior opinions, the Adkins Claimants argue in the alternative that Alper is indirectly liable to the Adkins Claimants on the basis that Saltire

---

[2] The Flake Plaintiffs, Armstrong Plaintiffs, and Adkins Plaintiffs are represented by the same counsel.

4

was an alter ego of Alper during the negligent remediation of the Dickson Plant.  The Court does not see any benefit in revisiting this issue again except to draw the Adkins Claimants' attention to that portion of the Holt/Armstrong Opinion [that held that alter ego claims were released].").

The Adkins Plaintiffs filed an appeal on April 10, 2008, which has not yet been docketed with this Court.

## ARGUMENT

Rule 42(a) of the Federal Rules of Civil Procedure permits a district court to order consolidation when "actions before the court involve a common question of law or fact." [3]  The court has broad discretion to grant consolidation in the interest of promoting efficiency and minimizing unnecessary cost or delay.  *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990); *see also* Fed. R. Civ. P. 1 ("These rules . . . should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.").

The four appeals at issue arise out of the same general factual circumstances regarding groundwater contamination in Dickson County, Tennessee.  All four appeals are from rulings of Bankruptcy Judge Lifland in the same bankruptcy action below, *In re Alper Holdings USA, Inc.*, 07-12148 (Bankr. S.D.N.Y.).  All four appeals involve the legal question of whether Alper can be held liable, either directly or indirectly, for the harms cause by TCE contamination in Dickson County.  And as is apparent from Judge Lifland's rulings, the four appeals all involve common questions of both law and fact.  Judge Lifland himself treated dispositive legal questions as law of the case when those same questions arose in the context of subsequent claim objections.  *See, e.g.*, Order Granting Objections to Armstrong and Holt Claims 7 (Ex. A); Order Granting

---

[3] In addition, Local Civil Rule 1.6, "Duty of Attorneys in Related Cases," provides that "[i]t shall be the continuing duty of each attorney appearing in any civil or criminal case to bring promptly to the attention of the clerk all facts which said attorney believes are relevant to a determination that said case and one or more pending civil or criminal cases should be heard by the same judge, in order to avoid unnecessary duplication of judicial effort."

Objection to Adkins Claims 8-14 (Ex. C).  These common circumstances render the four appeals ideal for consolidation in the interest of judicial economy and fairness to the parties.  *See Johnson*, 899 F.2d at 1284-85; *see also Martin v. Campanaro*, 156 F.2d 127, 129 (2d Cir. 1946) (affirming the consolidation of appeals from unsuccessful claims in the same bankruptcy action).

Separate appeals would create the risk of inconsistent rulings and would result in an inefficient use of judicial resources.  For example, Alper argued with regard to each of the four sets of claims below that alter ego causes of action against it could not proceed because those causes of action had been released in a related bankruptcy.  If the four appeals to this Court proceed independently and are assigned to four different reviewing judges, there is a risk of inconsistent rulings on this and other identical legal questions, with the concomitant duplication of judicial effort.  Consolidation is thus warranted to avoid inconsistent results, *see Bank of Montreal v. Eagle Assocs.*, 117 F.R.D. 530, 533 (S.D.N.Y. 1987) ("One of the primary objectives of consolidation is to prevent separate actions from producing separate results."), and to make the most efficient use of the Court's resources, *see Johnson*, 899 F.2d at 1285 ("In the exercise of discretion, courts have taken the view that considerations of judicial economy favor consolidation."); *Katz v. Realty Equities Corp.*, 521 F.2d 1354, 1358 (2d Cir. 1975).

To be sure, the factual and legal issues in the four appeals are not completely identical.  The Holt Plaintiffs alleged that Alper was liable for their personal injury and property damage claims on an alter ego theory of responsibility only, whereas the three remaining groups of tort plaintiffs alleged both indirect liability on an alter ego theory as well as direct liability for inadequate remediation.  However, perfect identity of factual and legal issues is not required for consolidation.  As this Court has explained, "[i]t is well settled that even one substantial common question of law or fact is enough for commonality under Rule 42(a)."  *B.D. ex rel. Jean Doe v.*

6

*DeBuono*, 193 F.R.D. 117, 141 (S.D.N.Y. 2000) (citing 9 Wright & Miller, Federal Practice & Procedure § 2384 at 451 (2d ed. 1994)).  As noted above, the overwhelming overlap in factual and legal issues among the four appeals is sufficient for commonality under Rule 42(a), even if there are some questions not common to all of the actions.

Moreover, consolidation will not cause any prejudice to Alper.  In fact, by allowing for coordinated briefing and argument of overlapping legal arguments, consolidation would preserve Alper's assets by reducing its costs.  The Holt Plaintiffs submit that "[t]here is, in short, nothing to be gained by requiring this matter to proceed as [four] separate cases."  *Olsen v. N.Y. Cmty. Bancorp, Inc.*, 233 F.R.D. 101, 105 (E.D.N.Y. 2005).

## **CONCLUSION**

For the foregoing reasons, the Holt Plaintiffs request that the Court grant their motion to consolidate, and consolidate the present action with *Flake v. Alper Holdings USA, Inc.*, *Armstrong v. Alper Holdings USA, Inc.*, and *Adkins v. Alper Holdings USA, Inc.*


Dated:  April 16, 2008.                           Respectfully submitted,
       New York, NY

                                                NAACP LEGAL DEFENSE & EDUCATIONAL
                                                FUND, INC.


                                By:     */s/ Matthew Colangelo*
                                    Matthew Colangelo (MC-1746)
                                    Debo P. Adegbile (DA-0072)
                                    99 Hudson St., 16th Floor
                                    New York, NY 10013
                                    Telephone: (212) 965-2200

                        -and-

                                    Lorraine S. McGowen, Esq. (LM-1644)
                                    Alyssa D. Englund, Esq. (AE-2300)
                                    ORRICK, HERRINGTON & SUTCLIFFE LLP

666 Fifth Avenue
New York, New York 10103
Telephone: (212) 506-5000

Counsel for Appellants Harry Holt et al.

**CERTIFICATE OF SERVICE**

      I certify that I served, by email and by first-class mail with postage prepaid, a true and correct copy of the foregoing to:

Jessica L. Fink
Milbank, Tweed, Hadley & McCloy LLP
One Chase Manhattan Plaza
New York, NY 10005
*Attorney for Appellee Alper Holdings USA, Inc.*

Douglas T. Tabachnik
Law Offices of Douglas T. Tabachnik, P.C.
Woodhull House
63 W. Main Street, Suite C
Freehold, New Jersey 07728
*Attorney for Flake Plaintiffs, Armstrong Plaintiffs, and Adkins Plaintiffs*

Cliff I. Taylor
Stutzman, Bromberg, Esserman & Plifka
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
*Attorney for Flake Plaintiffs, Armstrong Plaintiffs, and Adkins Plaintiffs*


Dated: <u>April 16, 2008</u>.

                                                */s/ Matthew Colangelo*
                                         Matthew Colangelo (MC-1746)
                                         NAACP Legal Defense & Educational Fund, Inc.
                                         99 Hudson St., 16th Floor
                                         New York, NY 10013
                                         Telephone: (212) 965-2268

                                         *Attorney for Appellants Harry Holt et al.*