# No. 08-cv-3344 (CM)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

HARRY HOLT, et al.,

Appellants,

v.

ALPER HOLDINGS USA, INC.

Appellee.

_____

Appeal from the United States Bankruptcy Court
for the Southern District of New York

_____

**REPLY BRIEF OF APPELLANTS HARRY HOLT ET AL.**

Debo P. Adegbile (DA-0072)
Matthew Colangelo (MC-1746)
NAACP Legal Defense & Educational
   Fund, Inc.
99 Hudson St., 16th Floor
New York, New York 10013
Telephone: (212) 965-2200

Lorraine S. McGowen (LM-1644)
Alyssa D. Englund (AE-2300)
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, NY  10103-0002
Telephone: (212) 506-5000


Attorneys for Appellants

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................... ii

SUMMARY OF THE ARGUMENT ............................................................................... 1

ARGUMENT ....................................................................................................................... 2

I.       The Holt Plaintiffs' Alter Ego Claims Were Not Property of Saltire's Estate ................. 2

      A.       Choice of Law ................................................................................................... 3

      B.       Tennessee Law Does Not Permit a Debtor to Pierce Its Own Corporate Veil ....... 4

      C.       Delaware Law Would Not Permit a Wholly-Owned Subsidiary to Pierce Its Own Corporate Veil ................................................................................................. 5

      D.       The Alter Ego Claims Are Personal to the Holt Plaintiffs ...................................... 6

            1.       Alper Has Not Shown That Every Creditor Could State a Claim .............. 6

            2.       Saltire Participated with Alper in the Corporate Looting at Issue ............. 7

CONCLUSION ................................................................................................................. 9

# TABLE OF AUTHORITIES

## <u>Cases</u>

*Brown v. Vencap Investment Corp.*,
  1984 Tenn. App. LEXIS 3424 (Tenn. Ct. App. Mar. 31, 1984)...............................................4

*Caplin v. Marine Midland Grace Trust Co.*,
  406 U.S. 416 (1972)..................................................................................................2, 7

*Curiale v. Tiber Holding Corp.*,
  Civ. No. 95-5284, 1997 WL 713950 (E.D. Pa. Nov. 10, 1997) ...............................................4

*Duke Energy Trading & Marketing, L.L.C., v. Enron Corp. (In re Enron Corp.)*,
  No. 01 B 16034, 2003 WL 1889040 (Bankr. S.D.N.Y. Apr. 17, 2003) ..............................5, 6

*Harper v. Delaware Valley Broadcasters, Inc.*,
  743 F. Supp. 1076 (D. Del. 1990)...............................................................................8

*Intercontinental Planning, Ltd. v. Daystrom, Inc.*,
  248 N.E.2d 576 (N.Y. 1969).......................................................................................3

*Kalb, Voorhis & Co. v. American Financial Corp.*,
  8 F.3d 130 (2d Cir. 1993) ......................................................................................3, 8

*Klaxon Co. v. Stentor Electric Manufacturing Co.*,
  313 U.S. 487 (1941).................................................................................................3

*Limor v. Buerger (In re Del-Met Corp.)*,
  322 B.R. 781 (Bankr. M.D. Tenn. 2005) .......................................................................4

*Mediators, Inc. v. Manney*,
  No. 93 Civ. 2304, 1996 WL 554576 (S.D.N.Y. Sept. 30, 1996)...........................................8

*Mishkin v. Gurian (In re Adler, Coleman Clearing Corp.)*,
  399 F. Supp. 2d 486 (S.D.N.Y. 2005)...........................................................................4

*Morris v. New York State Department of Taxation & Finance*,
  623 N.E.2d 1157 (N.Y. 1993)..................................................................................3, 4

*Murray v. Miner*,
  876 F. Supp. 512 (S.D.N.Y. 1995)..........................................................................3, 5, 6

*Norlin Corp. v. Rooney, Pace Inc.*,
  744 F.2d 255 (2d Cir. 1984)...................................................................................3, 4

*Pereira v. Cogan*,
   No. 00 Civ. 619, 2001 WL 243537 (S.D.N.Y. Mar. 8, 2001) .............................................. 5, 6

*Selcke v. Hartford Fire Insurance Co. (In re Rehabilitation of Centaur Insurance Co.)*,
   632 N.E.2d 1015 (Ill. 1994) ........................................................................................... 6

*Serio v. Ardra Insurance Co.*,
   761 N.Y.S.2d 1 (App. Div. 2003) .................................................................................... 3

*Shearson Lehman Hutton, Inc. v. Wagoner*,
   944 F.2d 114 (2d Cir. 1991) ......................................................................................... 7, 8

*Spartan Tube & Steel, Inc. v. Himmelspach (In re RCS Engineered Products Co.)*,
   102 F.3d 223 (6th Cir. 1996) ........................................................................................ 6

*Spinnell v. Seldon*,
   No. 0101921, 2007 WL 2176299 (N.Y. Sup. Ct. May 31, 2007) ......................................... 3, 4

*St. Paul Fire & Marine Insurance Co. v. PepsiCo, Inc.*,
   884 F.2d 688 (2d Cir. 1989) ......................................................................................... 3, 6

*Steinberg v. Buczynski*,
   40 F.3d 890 (7th Cir. 1994) .......................................................................................... 7

*Vintero Corp. v. Corporacion Venezolana de Fomento*,
   675 F.2d 513 (2d Cir. 1982) ......................................................................................... 7, 8

## SUMMARY OF THE ARGUMENT

The Holt Plaintiffs' initial brief to this Court demonstrated that alter ego claims against Alper were not property of the Saltire estate and could not have been released.

Alper's response ignores the actual language of the Saltire release, which expressly *preserves* the claims of third parties – such as the Holt Plaintiffs – that are not property of the estate. Alper also misapplies the distinction between general and personal claims, arguing that the corporate looting the Holt Plaintiffs alleged must have been "directed at" the Holt Plaintiffs. Alper Br. 14. The appropriate standard under Second Circuit law is whether *every creditor* could assert the same claims as the Holt Plaintiffs. The Holt Plaintiffs have shown that every creditor could *not* assert the same claims, and Alper has not attempted to show the contrary.[1]

The Holt Plaintiffs accordingly request that this Court vacate the Bankruptcy Court's order and remand so that the Holt Plaintiffs' claims against Alper may proceed.

---

[1] Alper's statement that the Holt Plaintiffs' arguments do not have a good faith basis in fact, *see* Alper Br. 1, is refuted by the substantive record submitted on appeal in this action. The Holt Plaintiffs' allegations of alter ego liability against Alper are well supported by the over 2000 pages of record evidence included as the record on appeal. Much of that record evidence comes from discovery in a similar action, *Norman v. Scovill, Inc.* (Civil Case No. CV-383 on the docket of the Circuit Court for Dickson County, Tennessee). The Norman Plaintiffs asserted property damage and personal injury caused by TCE contamination in Dickson County, and also asserted very similar claims against Alper for alter ego liability. Alper and Saltire settled that lawsuit in May 2004, without admitting liability, in exchange for a payment to the Norman Plaintiffs of $915,000 and court costs. The Holt Plaintiffs' factual assertions are amply supported.

Alper's brief seeks to argue a number of disputed factual points, although Alper acknowledges that the merits of the Holt Plaintiffs' factual allegations are not presented for resolution in this appeal. *See* Alper Br. 2 ("In this appeal, the Court does not have to consider the veracity of the Holt Claimants' allegations, which Alper vehemently disputes . . . ."). Because the Holt Plaintiffs agree with Alper that there are no factual disputes presented for this Court's resolution, the Holt Plaintiffs reserve fully their right to respond to Alper's specific contentions in the appropriate venue.

The factual matters that Alper seeks to argue are unrelated to the legal questions before this Court, which concern the interpretation of federal and state law. The Holt Plaintiffs' arguments are well supported by, and should prevail under, applicable law.

**ARGUMENT**

**I.      The Holt Plaintiffs' Alter Ego Claims Were Not Property of Saltire's Estate.**

Alper asserts that the release of claims contained within the Saltire Plan "includ[ed] releases of, *inter alia*, alter ego, piercing the corporate veil and fraudulent transfer claims." Alper Br. 2.  This assertion mischaracterizes the language of the release itself, which Alper never quotes and which does not specify the inclusion of alter ego or other claims.

The Saltire release is limited by its terms to claims that belonged to Saltire.  R 522 (releasing all causes of action "that the Debtor could assert directly or any Holder of a Claim . . . could assert derivatively or on behalf of the Debtor or its Estate").  The release expressly reserved the claims of nondebtor third parties that were not property of the estate.  *Id.* ("[T]he above release does not release claims any nondebtor third party may hold against any of the Released Parties, except to the extent any nondebtor third party is asserting a claim that is property of the Debtor's Estate.").  Indeed, a release that purported to discharge any claims other than those belonging to the debtor would violate settled law.  *See Caplin v. Marine Midland Grace Trust Co.*, 406 U.S. 416, 434 (1972).

Alluding to the fact that the Saltire Plan was approved by the Bankruptcy Court in the Saltire bankruptcy action, Alper argues that the Holt Plaintiffs "ignore a binding order of the Bankruptcy Court."  Alper Br. 1.  This argument is a red herring.  The Holt Plaintiffs are not challenging the Saltire Plan or the order approving it, but rather are challenging Alper's overbroad interpretation of the release contained within that Plan.

The release only resolved claims that belonged to the Saltire Trustee.  An alter ego claim against Alper only "belongs to the [Saltire] trustee if (1) 'under governing state law the debtor could have asserted an alter ego claim to pierce its own corporate veil,' and (2) plaintiffs' claim

'is a general one,' of the type that 'could be brought by any creditor of the debtor.'" *Murray v. Miner*, 876 F. Supp. 512, 516 (S.D.N.Y. 1995) (quoting *Kalb, Voorhis & Co. v. Am. Fin. Corp.*, 8 F.3d 130, 132 (2d Cir. 1993), and *St. Paul Fire & Marine Ins. Co. v. PepsiCo, Inc.*, 884 F.2d 688, 701 (2d Cir. 1989)) (citations omitted).

## A.    Choice of Law.

The New York "paramount interest" test requires courts to apply the law of the jurisdiction with the greatest interest in the application of its law. *Intercontinental Planning, Ltd. v. Daystrom, Inc.*, 248 N.E.2d 576, 582 (N.Y. 1969). Alper's argument that the alter ego law of the state of incorporation *must* apply is incorrect.

New York courts have applied the law of states other than the state of incorporation to questions involving veil-piercing and the corporate form when warranted by the circumstances. *See, e.g.*, *Morris v. N.Y. State Dep't of Taxation & Fin.*, 623 N.E.2d 1157, 1159-60 (N.Y. 1993) (applying New York veil-piercing law to Delaware corporation); *Serio v. Ardra Ins. Co.*, 761 N.Y.S.2d 1, 1 (App. Div. 2003) (applying New York law to Bermuda corporation)[2]; *Spinnell v. Seldon*, No. 0101921, 2007 WL 2176299, at *4-5 (N.Y. Sup. Ct. May 31, 2007) (applying New York law to Delaware corporation because "the parties, the judgment [creating the debt at issue], the assets and the acts complained of all have a New York nexus").

Federal courts have similarly interpreted the New York interest analysis to require application of a law other than the state of incorporation in appropriate cases. *See, e.g.*, *Norlin*

---

[2] Alper argues that *Serio* is "not binding on this Court." Alper Br. 8 n.8. Federal courts apply the forum state's choice of law principles. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). New York is the forum state, and a decision of the Appellate Division is obviously pertinent to this Court's analysis.
    Alper also attempts to distinguish *Serio* by arguing that its choice of law ruling was based on concern that a Bermuda court would not credit a New York judgment. *See* Alper Br. 8-9 n.8. This reasoning appears nowhere in the court's decision. *See Serio*, 761 N.Y.S.2d at 1-2.

*Corp. v. Rooney, Pace Inc.*, 744 F.2d 255, 263-64 (2d Cir. 1984); *Mishkin v. Gurian (In re Adler, Coleman Clearing Corp.)*, 399 F. Supp. 2d 486, 490-91 (S.D.N.Y. 2005) (applying New York law to six Bahamanian corporations), *rev'd on other grounds*, 205 Fed. Appx. 856 (2d Cir. 2006); *Curiale v. Tiber Holding Corp.*, Civ. No. 95-5284, 1997 WL 713950, at *2 (E.D. Pa. Nov. 10, 1997) ("In claims involving piercing of the corporate veil, some federal courts . . . have automatically applied the law of the state of incorporation rather than weighing the interests of each interested state. . . . However, the New York Court of Appeals has not endorsed this rule, nor is it applied universally. Occasionally, as in this case, a state other than the state of incorporation has a greater interest in the veil piercing issue.") (citing *Morris*, 623 N.E.2d at 1157) (citation omitted).

Although Delaware does have an interest in companies organized under its incorporation laws, Tennessee has the greater interest in the application of its law given that "the parties, . . . the assets and the acts complained of all have a [Tennessee] nexus." *Spinnell*, 2007 WL 2176299, at *4-5; *see also* Holt Br. 9-11.

### B.    Tennessee Law Does Not Permit a Debtor to Pierce Its Own Corporate Veil.

The Holt Plaintiffs' initial brief demonstrated that under Tennessee law, a bankruptcy trustee does not have standing to pursue an alter ego action on the debtor's behalf because the debtor cannot pierce its own corporate veil. *Limor v. Buerger (In re Del-Met Corp.)*, 322 B.R. 781, 829-35 (Bankr. M.D. Tenn. 2005) (citing *Brown v. Vencap Inv. Corp.*, 1984 Tenn. App. LEXIS 3424 (Tenn. Ct. App. Mar. 31, 1984)). Alper does not rebut or respond to this argument, therefore conceding that if the Court applies Tennessee law, the Holt Plaintiffs' claims were not released and must be allowed to proceed.

**C.    Delaware Law Would Not Permit a Wholly-Owned Subsidiary to Pierce Its Own Corporate Veil.**

Alper has not cited a single Delaware case permitting a debtor corporation to pierce its own corporate veil.  *See* Alper Br. 10-12 & n.10.  Alper's authority for its position comes from three decisions within this district that predicted what a Delaware court would do under different circumstances than those presented here.  *See Murray*, 876 F. Supp. at 516-17 (S.D.N.Y. 1995); *see also Pereira v. Cogan*, No. 00 Civ. 619, 2001 WL 243537, at *19-20 (S.D.N.Y. Mar. 8, 2001); *Duke Energy Trading & Mktg., L.L.C., v. Enron Corp. (In re Enron Corp.)*, No. 01 B 16034, 2003 WL 1889040, at *3 (Bankr. S.D.N.Y. Apr. 17, 2003).

The court's decision in *Murray* was based entirely on the conclusion that Delaware courts permit a subsidiary to sue its parent for breaches of fiduciary duty.  *Murray*, 876 F. Supp. at 516-17.  The two later-decided cases (*Pereira* and *Enron Corp.*) relied expressly on the reasoning of the first (*Murray*).  *See Pereira*, 2001 WL 243537, at *19-20 (agreeing with *Murray*'s analogy to "claims for breach of fiduciary duty brought by a subsidiary against its parent, which are recognized under Delaware law"); *Enron Corp.*, 2003 WL 1889040, at *3 (agreeing with *Murray* and *Pereira* because of "the fact that Delaware law allows a subsidiary to maintain an action against a corporate parent").  But that analogy fails here because Saltire was a wholly-owned subsidiary, and Delaware law would not allow a wholly-owned subsidiary to pursue fiduciary duty claims against its parent.

Alper's response is only that the analogy to fiduciary duties is flawed, *see* Alper Br. 12 n.10, but it was not the Holt Plaintiffs' analogy – it was the district court's analogy in *Murray*, and was the sole basis for that court's holding that a Delaware court would permit a subsidiary to pierce its own veil.  *Murray*, 876 F. Supp. at 516-17 ("[U]nder Delaware law, *because of a corporate parent's fiduciary duties to a subsidiary*, the subsidiary may institute proceedings

against the parent if it has sustained liability to third parties as a result of the parent's control.") (emphasis added). The holdings of *Murray*, *Pereira*, and *Enron Corp.* therefore have no application to this case.

Alper has cited no case from Delaware or any other state in which a wholly-owned subsidiary was permitted to pierce its own veil, or in which a trustee was permitted to assert the alter ego claims of a wholly-owned subsidiary. However, at least two courts – the Sixth Circuit (applying Michigan law) and the Illinois Supreme Court (applying Illinois law) – have held that a wholly-owned subsidiary may *not* pierce its own veil. *See Spartan Tube & Steel, Inc. v. Himmelspach (In re RCS Engineered Prods. Co.)*, 102 F.3d 223, 224-26 (6th Cir. 1996); *Selcke v. Hartford Fire Ins. Co. (In re Rehab. of Centaur Ins. Co.)*, 632 N.E.2d 1015, 1017-20 (Ill. 1994). Alper has not attempted to distinguish or rebut either of these well-reasoned decisions. Given the absence of any authority for Alper's position in the context of a wholly-owned subsidiary, the better approach is for this Court to follow persuasive authority that is directly on point. Consistent with the rulings of every other court that has addressed this question, a Delaware court would not permit a wholly-owned subsidiary to pierce its own veil.

### D.    The Alter Ego Claims Are Personal to the Holt Plaintiffs.

#### 1.    Alper Has Not Shown That Every Creditor Could State a Claim.

Even if the Court concludes that Saltire could have pierced its veil under applicable law, the Holt Plaintiffs' alter ego claims were not released because they are personal to the plaintiffs. Alper argues that alter ego claims are general claims because the Holt Plaintiffs alleged no conduct that was "directed at" them. Alper Br. 14. The Second Circuit standard is otherwise – a claim is only a general claim that the trustee may assert if the claim "could be brought by *any creditor* of the debtor." *St. Paul*, 884 F.2d at 701 (emphasis added).

Given the fact-specific nature of the alter ego inquiry under both Delaware and Tennessee law, it is clear that not every creditor could state a claim. *See* Holt Br. 16-17. Alper's only argument is that all creditors will benefit by enlargement of the estate, but this reasoning is insufficient to grant the trustee standing to assert claims that do not belong to him. *Caplin*, 406 U.S. at 434; *Steinberg v. Buczynski*, 40 F.3d 890, 892-93 (7th Cir. 1994).

Even assuming *arguendo* that Alper's statement of the standard is correct and the alleged conduct must be "directed at" a claimant, the Holt Plaintiffs plainly *did* allege conduct directed at them. *See* Holt Br. 16-17. The Holt Plaintiffs argued that Alper and its predecessor acquired Saltire with knowledge of potential tort liability to individuals, like the Holts, who were harmed by TCE contamination in Dickson County, R 553-56, and that Alper and its predecessor stripped Saltire's assets to evade that liability, R 556-63. This conduct was directed not at general creditors but at the Holt Plaintiffs and others similarly harmed by environmental contamination in Dickson County. Therefore, the alter ego claims are personal to the Holt Plaintiffs and could not be asserted by the Saltire Trustee on behalf of all creditors of Saltire.

## 2. Saltire Participated with Alper in the Corporate Looting at Issue.

The Holt Plaintiffs also demonstrated that alter ego claims are not general claims that the trustee can assert because Saltire participated in the corporate looting that underlies the Holt Plaintiffs' allegations.[3] *See* Holt Br. 18-19; *Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d

---

[3] This is not a new argument, as Alper claims. *See* Alper Br. 16. Although the Holt Plaintiffs did not specifically cite *Wagoner* below, they argued broadly that the Saltire Trustee was not a proper party to assert alter ego claims against Alper, R 2237-49; that alter ego claims were not general to the corporation, R 2245-49; and that Saltire's management participated with Alper in the asset-stripping that was alleged, R 2249-60.

Even if the Court believes this precise argument was not presented below, the argument should not be considered waived because it relies entirely on elements previously presented. "Arguments made on appeal need not be identical to those made below . . . if the elements of the claim were set forth and additional findings of fact are not required." *Vintero Corp. v.*

114, 118-20 (2d Cir. 1991).  Alper argues that *Wagoner* applies only to bar claims by a trustee

against unaffiliated third parties that participated in harming the debtor.  *See* Alper Br. 17.   But

the language of the *Wagoner* decision does not include such a limitation, and the cases that Alper

believes to have limited *Wagoner* explicitly interpreted state law not applicable in this case.  *See*

*Kalb*, 8 F.3d at 133 (applying Texas law on the *in pari delicto* defense); *Mediators, Inc. v.*

*Manney*, No. 93 Civ. 2304, 1996 WL 554576, at *4-5 (S.D.N.Y. Sept. 30, 1996) (applying New

York law on breach of fiduciary duty).

     *Wagoner* is based on the broad principle that "the trustee stands in the shoes of the

bankrupt corporation and has standing to bring any suit that the bankrupt corporation could have

instituted had it not petitioned for bankruptcy."  *Wagoner*, 944 F.2d at 118.  Delaware law would

*not* permit a bankrupt corporation to recover from its parent on an alter ego claim when the

subsidiary had partnered in the culpable conduct.[4]  *See Harper v. Del. Valley Broadcasters, Inc.*,

743 F. Supp. 1076, 1086 (D. Del. 1990) (declining to pierce the veil under Delaware law on

behalf of a party who was "not an innocent outsider," but was instead a shareholder and director

of the company with "intimate knowledge" of the company's formation and operation).  Neither

the Second Circuit's interpretation of Texas law in *Kalb*, 8 F.3d at 133, nor the district court's

interpretation of New York law in *Mediators*, 1996 WL 554576, at *4-5, changes this

conclusion.  Because Saltire participated with Alper in stripping Saltire's assets, alter ego claims

against Alper cannot be general claims that the Saltire Trustee was entitled to release.

---

*Corporacion Venezolana de Fomento*, 675 F.2d 513, 515 (2d Cir. 1982); *see also id.* ("[W]hen a
party raises new contentions that involve only questions of law, an appellate court may consider
the new issues.").

[4] As noted in the Holt Plaintiffs' initial brief, the Tennessee and Delaware legal standards for
piercing the veil are substantially the same, and the Court therefore need not conduct a choice-of-
law analysis on this particular issue.  *See* Holt Br. 21 n.7.

## CONCLUSION

For the foregoing reasons, the Holt Plaintiffs respectfully request that this Court hold that their alter ego claims were not property of the estate and were not released in the Saltire bankruptcy.  The Holt Plaintiffs also request that this Court vacate the order of the Bankruptcy Court and remand for adjudication of the Holt Plaintiffs' claims in an appropriate venue.

Dated: June 18, 2008                          Respectfully submitted,
        New York, New York

                                              NAACP Legal Defense & Educational Fund, Inc.


                                    By:    _/s/ Matthew Colangelo_____
                                           Debo P. Adegbile (DA-0072)
                                           Matthew Colangelo (MC-1746)
                                           99 Hudson St., 16th Floor
                                           New York, NY 10013
                                           Telephone: 212-965-2200

                                    -and-

                                           Lorraine S. McGowen (LM-1644)
                                           Alyssa D. Englund (AE-2300)
                                           ORRICK, HERRINGTON & SUTCLIFFE LLP
                                           666 Fifth Avenue
                                           New York, New York  10103
                                           Telephone: 212-506-5000

                                           Attorneys for Appellants Harry Holt et al.